IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **GENESYS SOFTWARE SYSTEMS, INC.,**<br><br>  Plaintiff,<br><br>  vs.<br><br>**CERIDIAN CORPORATION,**<br>**CERIDIAN HCM, INC.,**<br>**CSIG MANAGEMENT, INC.,**<br>**WILLIAM SNYDER, and**<br>**DAVID FISHER.**<br><br>  Defendants. | Civil Action No.: |

## COMPLAINT

Plaintiff Genesys Software Systems, Inc. ("Genesys"), by its undersigned counsel, complains of Defendants Cerdian Corporation ("CeridianCorp"), Ceridian HCM, Inc. ("CeridianHCM"), CSIG Management, Inc. ("CSIG"), William Snyder, and David Fisher, as follows:

### THE PARTIES

1.  Plaintiff Genesys is a Massachusetts corporation having its principal place of business at 5 Branch Street, Methuen, Massachusetts 01844.

2.  Defendant CeridianCorp is a Delaware corporation with its principal office at 3311 East Old Shakopee Road, Minneapolis, MN  55425.

- 1 -

3. Defendant CeridianHCM is a Delaware corporation with its principal office at 3311 East Old Shakopee Road, Minneapolis, MN 55425. On information and belief there came a time when all of CeridianCorp's assets and liabilities were transferred into CHCM. Accordingly, as used hereafter, the term "Ceridian" shall refer to both CeridianCorp and CHCM.

4. Defendant CSIG Management, Inc. ("CSIG") is a Michigan corporation that does business under the assumed name, "Laurus Strategies" and has an office at 55 West Monroe, Suite 500, Chicago, IL 60603. On information and belief iHouse is a division or wholly owned subsidiary of CSIG with its place of business at 55 West Monroe, Suite 500, Chicago, IL 60603.

5. Defendant William Snyder ("Snyder") is an individual residing in Mount Horeb, WI. On information and belief, Snyder is the President of iHouse.

6. Defendant David Fisher ("Fisher") is an individual whose address is presently unknown to Plaintiffs. On information and belief, Fisher is a consultant who worked for iHouse during the times relevant to the present complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a), as it is an action arising under Acts of Congress relating to copyrights, namely the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), as

the Defendants can be found in this judicial district.

9. Venue is also proper based on O.C.G.A. § 9-10-91.

## FACTUAL BACKGROUND

10. Genesys is a wholly owned subsidiary of PeopleStrategy, Inc. ("PeopleStrategy"), a corporation having its principal place of business in this judicial district.

11. Genesys is a software company that licenses human resources management software for managing payroll, benefits, and taxes, including such services as payroll printing and distribution services. In addition, Genesys provides professional services in connection with its human resources software.

12. In January 1993, Genesys and Lands' End entered into a Software License Agreement ("Genesys License Agreement") having an effective date of January 19, 1993 ("Effective Date") whereby Genesys licensed certain of its proprietary, copyrighted human resources software ("Genesys Software") to Lands' End, Inc., located at One Lands' End Way, Dodgeville, Wisconsin 53595 ("Lands' End") for a period of twenty (20) years from the Effective Date. A true copy of the Genesys License Agreement (without the Appendices) is annexed hereto as Exhibit 1.

13. The Genesys License Agreement terminated on January 19, 2013 ("Termination Date").

14. As of the Termination Date Genesys had stopped issuing term licenses to the Genesys Software, whereby the only license to the Genesys Software being offered by Genesys as of the Termination Date was a perpetual license that would have enabled Lands' End to continue to use the Genesys Software after the Termination Date for so long as Lands' End desired to do so.

15. As of the Termination Date, the license fee for the perpetual license for the Genesys Software was $999,950 for each licensee.

16. Lands' End declined to enter into a perpetual license to the Genesys Software.

17. Alternatively, PeopleStrategy, Inc., the parent company of Genesys, was then offering a "Software as a Service" ("SaaS") solution on a subscription basis that would have been suitable for use by Lands' End.

18. Lands' End declined to take a license from PeopleStrategy for its SaaS solution.

19. Instead, some time in or around 2012 Lands' End decided to use human resources software from Ceridian, rather than from Genesys or PeopleStrategy.

20. In view of Lands' End's decision to not take a perpetual license to the Genesys Software from Genesys and to not enter into a license to use PeopleStrategy's SaaS solution, Lands' End was advised by Genesys that upon

expiration of the Genesys License Agreement, Lands' End was to cease all use of the Genesys Software.

21.     On information and belief there came a time, prior to the expiration of the Genesys License Agreement that Lands' End entered into an agreement with Ceridian whereby Lands' End was to replace the Genesys Software with Ceridian's human resources software.

22.     On information and belief Ceridian was to install and implement Ceridian's human resources software at Lands' End prior to the expiration of the Genesys License Agreement.

23.     On information and belief Ceridian failed to timely install and implement its human resources software at Lands' End prior to the expiration of the Genesys License Agreement.

24.     Notwithstanding the expiration of the Genesys License Agreement Lands' End continued to use the Genesys Software for several months after the expiration of the Genesys License Agreement due to Ceridian's failure to meet deadlines associated with the installation and implementation of the Ceridian software at Lands' End.

25.     On information and belief, Defendants CSIG, iHouse, Snyder, and Fisher (collectively, "the iHouse Defendants") were hired by Ceridian to assist in the implementation of the Ceridian software for Lands' End.

26. At no time did either Ceridian or any of the iHouse Defendants enter into any license agreement with Genesys to use any portion of the Genesys Software.

27. Notably, the Genesys License Agreement expressly placed Lands' End on notice that the Genesys Software was subject to copyright protection, and it licensed use of the Genesys Software solely "… to employees of [Lands' End] directly concerned with the programs…", and Lands' End expressly acknowledged and agreed that it was not to "… make the [Genesys Software] and related documentation available in any form to a third party.", all of which is set forth in Exhibit 1, which states:

**Copyright and Confidentiality**

The software is owned by GENESYS and is protected by United States copyright laws and international treaty provisions. The Client must therefore treat the Software and documentation like any other copyrighted material except that the Client may make two copies of the Software solely for backup or archival purposes. The Client may not copy the documentation accompanying the Software. Two sets of applicable documentation will be delivered with the system.

Since the software is a proprietary product of GENESYS, the Client agrees to confine its use only to employees of the Client directly concerned with the programs, to advise them of the program's proprietary and confidential nature and to prohibit the copying or redistribution of the programs, documentation and system releases. No title or ownership rights to the Software are transferred to the Client.

**Nontransferability**

This License, the software and all rights granted hereunder may not be assigned, subleased, extended, acquired, absorbed or otherwise transferred in whole or in part, by Client. This restriction shall apply to a transfer to any subsidiary of Client on a site other than specified above, unless the prior written consent of GENESYS

is obtained, Client shall not make the System and related documentation available in any form to a third party.

28.     Nevertheless, in order to shortcut the implementation of the Ceridian software at Lands' End, Ceridian, along with the iHouse Defendants, used various portions of the Genesys Software both before and after the Termination Date.

29.     In particular, Ceridian and the iHouse Defendants (collectively, "the Infringers") gained access to, and used the Genesys Software both before and after the Termination Date to perform various functions, including, but not limited to data extraction from the Genesys Software.

30.     Use of the Genesys Software was never licensed to the Infringers.

31.     Use of the Genesys Software was not licensed to Lands' End after the Termination Date.

32.     On information and belief, the Infringers used the Genesys Software after the Termination Date to extract data from the Genesys Software and verify the proper operation of the Ceridian software.

33.     The foregoing uses of the Genesys Software by the Infringers constituted copyright infringement irrespective of whether they took place before of after the Termination Date.

34.     The foregoing infringing uses of the Genesys Software by the Infringers were unlicensed, without authority from Genesys, and willful.

## First Cause Of Action
## Copyright Infringement

35. Genesys realleges and incorporates by reference the allegations contained in each of the foregoing Paragraphs as if fully restated herein.

36. The Genesys Software used by the Infringers was, at all times relevant, subject to U.S. Copyright Registration Nos. TXu000571639 on "Human Resource Management Systems : Version 4.0", registered on July 6, 1993; TXu000592097 on "Human Resource Management Systems", registered on August 31, 1993; and TXu000592098 on "Human Resource Management Systems", registered on August 31, 1993 (collectively, "the Genesys Copyrights") as shown on the printout from the U.S. Copyright Office which is annexed hereto as Exhibit 2.

37. The Infringers unlicensed use of the Genesys Software after their registration dates constituted willful infringement of the Genesys Copyrights.

38. In view of their infringement of the Genesys Copyrights, the Infringers are jointly and severally liable for the actual damages sustained by Genesys as well as the profits of the Infringers pursuant to 17 U.S.C. § 504(a).

39. As the only license to the Genesys Software offered by Genesys at the time of the infringement was the foregoing perpetual license, Genesys' actual damages amounted to the license fee therefor, *i.e.,* $999,950, from each of the Infringers irrespective of how the Infringers used the Genesys Software and

irrespective of the length of time they used it.

40. Genesys is also entitled to the profits of each of the Infringers, whereby such amounts will be determined in the course of discovery.

41. Alternatively, Genesys is entitled, pursuant to 17 U.S.C. § 504(c), to an award of statutory damages.

42. In that the Infringers willfully infringed Genesys' copyrights, statutory damages amount to $150,000 from each of the Infringers

## Second Cause Of Action
## Unfair Competition

43. Genesys realleges and incorporates by reference the allegations contained in each of the foregoing Paragraphs as if fully restated herein.

44. The foregoing acts by the Infringers allowed them to profit as a result of their unauthorized uses of the Genesys Software, without any payment being made to Genesys, thereby constituting unfair competition.

## Third Cause Of Action
## Common Law Conspiracy

45. Genesys realleges and incorporates by reference the allegations contained in each of the foregoing Paragraphs as if fully restated herein.

46. The foregoing acts by the Infringers constituted a common law conspiracy wherefore the Infringers are jointly and severally liable for all damages awarded to Genesys.

WHEREFORE, Genesys respectfully requests that this Court grant judgment in its favor against the Defendants, as follows:

(a) An award of in the amount of what a license to the Genesys Software would have cost each of the Defendants, *i.e.,* $999,950, from each of them for their unlicensed use of the Genesys Software, but no less than the statutory damages pursuant to 17 U.S.C. § 504(c), *i.e.,* $150,000 for each of their willful infringements.

(b) An award of Genesys' actual damages and any additional profits of Lands' End for infringing use of the Genesys Software, as provided by 17 U.S.C. § 504(b), or statutory damages, as provided by 17 U.S.C. § 504(c) (as set forth in 17 U.S.C. § 504(a)).

(c) An award of Genesys' reasonable attorney fees, as set forth in 17 U.S.C. § 505;

(d) An award of attorney fees and punitive damages based on Defendants' unfair competition;

(e) An award of Genesys' reasonable costs recoverable in this action;

(f) That all of the Defendants be held jointly and severally liable for all damages suffered by Genesys; and

(g) Such other relief as the Court deems just and equitable.

**A JURY TRIAL IS DEMANDED**

                                                   Respectfully submitted

Dated: __August 18, 2014__        By:_s/ Sanford J. Asman_____
                                                    Sanford J. Asman
                                                    Georgia Bar No. 026118
                                                   Attorney for Plaintiff
                                                   Genesys Software Systems, Inc.

Law Office of Sanford J. Asman
570 Vinington Court
Atlanta, Georgia  30350
Phone   :   (770) 391-0215
E-mail  :   sandy@asman.com